# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

**RODERICK L. TAYLOR**
    **Petitioner,**

**v.**　　　　　　　　　　　　　**No. 3:16-cv-00711-DRH**

**UNITED STATES OF AMERICA**
    **Respondent.**

## ORDER

**HERNDON, District Judge:**

This matter comes before the Court for case management. On June 27, 2016, petitioner Roderick Taylor ("Taylor") filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). Specifically, Taylor challenges his status as a career offender based on the holding in *Johnson v. United States*, 135 S. Ct. 2551 (2015) (*Id.*). In *Johnson*, the United States Supreme Court found the residual clause in the Armed Career Criminal Act ("ACCA") to be unconstitutionally vague under the Sixth Amendment's Due Process Clause. *See Johnson*. Taylor argues that because the residual clause found in U.S.S.G. § 4B1.2 is substantially identical to that found in the ACCA, it similarly is unconstitutionally vague (Doc. 1). In accordance with this District's Administrative Order No. 176, the Court appointed the Federal Public Defender ("FPD") to represent Taylor (Doc. 2).

Due to a circuit split as to whether the sentencing guidelines were subject to vagueness challenges the Supreme Court granted certiorari in *Beckles v. United*

*States*, 137 S. Ct. 886 (2017), and held that *Johnson*-reasoning does not extend to section 4B1.2's residual clause; and the advisory sentencing guidelines are ultimately not subject to vagueness challenges under the Due Process Clause. *See Beckles*.

Based on the foregoing, the Court **DIRECTS** Taylor—on or before September 13, 2017—to file a response **SHOWING CAUSE**, i.e. a valid reason, why his section 2255 petition should not be denied and his case dismissed. The government may—but is not required to—file any further response by the same date.

**IT IS SO ORDERED**.

Signed this 16th day of August, 2017.

Judge Herndon
2017.08.16
11:14:18 -05'00'

UNITED STATES DISTRICT JUDGE