IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RODERICK L. TAYLOR, )
)
    Petitioner, )
)
v. )
) No. 3:16-cv-00711-DRH
UNITED STATES OF AMERICA, )
)
    Respondent. )
)

## ORDER

**HERDON, District Judge:**

On June 27, 2016, petitioner Roderick Taylor ("petitioner") filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. [Doc. 1]. In his § 2255 motion, petitioner challenges the imposition of an enhanced sentence under 18 U.S.C. § 924(c) and argues that the § 924(c) penalty enhancement is unconstitutionally vague under the Supreme Court's holding in *Johnson v. United States,* 135 S. Ct. 2551 (2015).

The Court, after reviewing the pleadings, and pursuant to Administrative Order 176, referred the case to the Federal Public Defender ("FPD"). [Doc. 2]. Thereafter, the FPD moved to stay this case pending a decision by the Seventh Circuit Court of Appeals in the case of *U.S.A. vs. Michael Jackson*, case 17-1235, (doc. 9), which the Court granted. [Doc. 10]. The conviction in *U.S.A. vs. Michael Jackson* has since been affirmed. *United States v. Jackson*, 692 F. App'x 298,

299 (7th Cir. 2017)[1]. There, the Seventh Circuit noted that as clarified in "United States v. Rivera, 847 F.3d 847, 849 (7th Cir. 2017) . . . Hobbs Act robbery is a crime of violence under § 924(c) regardless of whether the offense is committed by actual force, threatened force, violence, or fear of injury."

In light of the above, the Federal Public Defender moved to withdraw as counsel. [Doc. 13]. The FPD asserts that petitioner's claim relies on an argument that is not viable under Seventh Circuit precedent and thus, forecloses any colorable claim for relief based on *Johnson.* The Court entered a show cause order directing petitioner to show cause no later than January 2, 2018 as to why the undersigned should not grant the Assistant FPD's motion to withdraw and deny petitioner's pro se § 2255 petition. [Doc. 14]. Petitioner Taylor has failed to respond – under Local Rule 7.1(c), silence on behalf of respondent is "considered an admission of the merits of the motion." SDIL-LR 7.1(c). Additionaly, established Seventh Circuit precedent precludes petitioner's § 2255 motion and there is no basis under binding law on this Court to vacate or correct Taylor's sentence.

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, this Court denies a certificate of appealability in this case. A certificate of appealability should issue only when the prisoner shows both "that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Slack v. McDaniel*, 529 U.S.

---

[1] Petitioner Michael Jackson filed petition for certiorari on October 4, 2017.

473, 484 (2000). This Court concludes that jurists of reason would not find it debatable whether petitioner's motion states a valid claim of the denial of a constitutional right and also concludes that jurists of reason would not find it debatable whether this Court correctly dismissed petitioner's motion.

Accordingly, the Court **DENIES** and **DISMISSES with prejudice** petitioner Taylor's 28 U.S.C. § 2255 motion (doc.1) and **GRANTS** the FPD's motion to withdraw (doc. 13). Further, the Court **DECLINES** to issue a certificate of appealability. The Court **DIRECTS** the Clerk of the Court to enter judgment in favor of the United States of America and against Roderick Taylor.

**IT IS SO ORDERED.**

Judge Herndon
2018.01.26
16:34:39 -06'00'

United States District Judge